\    **UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FRANK L. HOWARD,

    Petitioner,   Civil No. 00-CV-73961-DT
       HONORABLE DENISE PAGE HOOD
v.   UNITED STATES DISTRICT JUDGE

BARBARA BOUCHARD,

    Respondent.
_____/

**ORDER TRANSFERRING CASE TO THE COURT OF APPEALS**
**PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

**I. Introduction**

On June 10, 2003, this Court issued an Opinion and Order denying Petitioner's application for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *Howard v. Bouchard,* U.S.D.C. No. 00-73961-DT (E.D. Mich. June 10, 2003). The United States Court of Appeals for the Sixth Circuit affirmed the Court's denial of the petition for writ of habeas corpus. *Howard v. Bouchard,* 405 F. 3d 459 (6th Cir. 2005); *cert. den.* 126 S. Ct. 1032 (2006). Petitioner has now filed a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6) [Court Dkt. Entry # 66], as well as a Motion to Supplement his Motion for Relief from Judgment [Dkt. Entry # 67], in which he contends that this Court applied the incorrect prejudice standard in denying his ineffective assistance of trial counsel claim. For the following reasons, the Court has concluded that it must transfer this case to the Court of Appeals.

**II. Discussion**

1

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 was enacted ("AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts. These amendments change the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus. The provisions of the AEDPA apply because Petitioner filed this motion after the effective date of the AEDPA. *See Norris v. Konteh*, 67 F. Supp. 2d 833, 835 (N.D. Ohio 1999).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals regardless of how meritorious the claim appears to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). In the present case, Petitioner seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). The United States Supreme Court

has held that a Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). *See Gonzalez v. Crosby,* 125 S. Ct. 2641, 2647 (2005)(For instance, a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be considered a second or successive petition). Therefore, a habeas petitioner's Rule 60(b) motion "that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition." *Id.* at 2649.

Petitioner's Motion for Relief from Judgment amounts to a second or successive habeas petition, because the motion seeks to advance a claim that this Court previously considered and dismissed on substantive, constitutional grounds. *See Post v. Bradshaw,* 422 F. 3d 419, 424-25 (6th Cir. 2005). Contrary to Petitioner's contention, his Rule 60(b) motion is not merely an attempt to rectify a defect in the habeas corpus proceedings, but instead reasserts the substance of Petitioner's ineffective assistance of counsel claim and constitutes an impermissible attack on this Court's previous resolution of the claim on the merits. *See Henderson v. Collins,* 184 Fed. Appx. 518, 523 (6th Cir. 2006); *cert. den.* 127 S. Ct. 992 (2007). In other words, Petitioner's Rule 60(b) motion seeks the vindication of, or advances, his ineffective assistance of counsel claim because Petitioner is taking steps that lead

3

inexorably to a merits-based attack on the prior dismissal of his habeas petition. *Post,* 422 F. 3d at 424-25 (citing *Gonzalez,* 125 S. Ct. at 2647-48). Because Petitioner's Rule 60(b) motion qualifies as a second or successive habeas petition, Petitioner is required to obtain authorization from the Sixth Circuit before he can file a new habeas petition.

In the present case, Petitioner has previously filed a habeas petition with the federal courts. Although Petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), Petitioner's prior habeas petition was dismissed on the merits. Petitioner's current Rule 60(b) motion is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

### III. Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

IT IS ORDERED that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d

45, 47 (6th Cir. 1997).

IT IS FURTHER ORDERED that Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6) [**Court Dkt. Entry # 66, filed June 26, 2006**] is DENIED WITHOUT PREJUDICE pending the Court of Appeals for the Sixth Circuit's determination on Petitioner's certificate of authorization to file a second or successive habeas petition.

IT IS FURTHER ORDERED that Petitioner's Motion to Supplement Motion for Relief from Judgment [**Court Dkt. # 67, filed August 21, 2006**] is DENIED WITHOUT PREJUDICE pending the Court of Appeals for the Sixth Circuit's determination on Petitioner's certificate of authorization to file a second or successive habeas petition.

                                                  /s/ Denise Page Hood
                                                  DENISE PAGE HOOD
Dated: March 30, 2007                       United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2007, by electronic and/or ordinary mail.

                                                S/William F. Lewis
                                                Case Manager